**KOCKUM INDUSTRIES, INC., Plaintiff-Appellant,**

v.

**SALEM EQUIPMENT, INC., and Earl R. Hitchman, Defendants-Appellees.**

**KOCKUM INDUSTRIES, INC., Plaintiff-Cross-Appellee,**

v.

**SALEM EQUIPMENT, INC., and Earl R. Hitchman, Defendants-Cross-Appellants.**

**Nos. 25,870, 25,874.**

United States Court of Appeals, Ninth Circuit.

Aug. 14, 1972.

Rehearing Denied Oct. 6, 1972.

Richard W. Seed, (argued), of Seed, Berry & Dowrey, Seattle, Wash., Kenneth S. Klarquist, of Buckhorn, Blore, Klarquist & Sparkman, Portland, Or., for appellant.

J. Pierre Kolisch, (argued), Jon M. Dickinson, of Kolisch, Hartwell & Dickinson, Portland, Or., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and ZIRPOLI, District Judge.*

MERRILL, Circuit Judge:

Appellant brought suit charging infringement of claim 12 of Andersson patent 2,775,274, and claims 1, 2, 3 and 5 of Leffler patent 2,855,010. The District Court dimissed the action, holding those patents invalid as to the claims in issue and this appeal followed.

The patents in suit relate to ring-type log debarkers in which the debarking tools are carried by a rotating ring through the center of which the logs are fed. The arms on which the tools are carried are biassed inwardly by springs or air pressure to maintain firm contact with the surface of the log and thus, on entry of the log, serve to obstruct its passage through the rotating ring. The tools and arms carrying them must for this reason be "opened" to accommodate the log. They could, of course, laboriously be opened (manually or by adjustment of inward pressure) for each new log. What the industry requires, however, is a self-opening mechanism. Many patents have sought to achieve this objective. The art, if not crowded, is certainly well occupied.

Self-opening has been achieved by relying on two mechanical responses

---

* Honorable Alfonso J. Zirpoli, United States District Judge for the Northern District of California, sitting by designation.

based on ancient and well known principles: The camming or wedging action and the screwing action.

In the case of camming action, the approaching log contacts the sloping plane of a wedge-shaped tool. The tool slides outward on its sloping edge as the log progresses until the tool reaches the periphery of the log and the debarking process commences.

The patent claims in issue purport to utilize screwing action. Here it is asserted the rotating tool follows grooves in the face of the log carrying the tool from a position at the center of the log face to its periphery. The tool of appellant's debarker presents a curved knife edge to the face of the log which, on contact, cuts a curved groove in the log's face from center to periphery, in which groove the tool, spurred by the rotation of its carrying ring, rides outward to the periphery of the log where debarking commences.

It is thus apparent that in the case of camming action the motivating force that brings the tool to the log's periphery is the forward motion of the log, while in the case of screwing action it is the rotation of the tools.

■■■ The District Court held that the claims in question had been anticipated by prior art. Our examination of the prior art in evidence convinces us that this was error. In all the prior patents introduced, camming action was utilized rather than screwing action. We conclude that on this record invalidity of the claims on the ground of anticipation is not established.[1]

A problem remains respecting the scope of the claims. It is the knife edge which is the heart of the self-opening mechanism in issue and on which appellant relies as imparting novelty. However, at this critical point of novelty the claims of the patents revert to descriptions in terms of function.[2] The claims of both patents recognize that a reaction known to the laws of mechanics can be initiated by a knife-edge penetration of the oncoming log face, which reaction will serve to carry the tool to the log's periphery. However, the sharp edge is not described (as to configuration or type of groove imparted or point of contact—whether at the center of the log face or its periphery) save in terms of the reaction it is to trigger, and thus in terms of what it is to accomplish.

The claims accordingly do not meet the requirements of Gen. Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 369, 58 S.Ct. 899, 82 L.Ed. 1402 (1938).

Since that decision 35 U.S.C. § 112, dealing with the specifications contained in a patent application, has been amended to allow language in the specifications to limit and accordingly cure a claim stated in functional terms. It provides:

"An element in a claim for a combination may be expressed as a means or

1. "Anticipation is strictly a technical defense. Unless all of the same elements are found in exactly the same situation and united in the same way to perform the identical function in a prior pleaded patent, there is no anticipation." Stauffer v. Slenderella Systems of California, 254 F.2d 127, 128 (9th Cir. 1957); National Lead Company v. Western Lead Products Company, 324 F.2d 539, 544 (9th Cir. 1963).

2. Andersson Claim 12: "having at least one relatively sharp edge integral therewith and facing the direction of log feed

for engaging the face of the butt end of an oncoming log to automatically lift the debarking portion of the tool up onto the peripheral surface of an oncoming log by a screwing action on such face as the frame rotates."

Leffler Claim 1: "Said log—impactible edge being provided with a sharp edge to penetrate such fore end of an impacting log for the purpose of causing the scraping member * * * to be swung on its pivot axis in such a manner that the free end of the scraping member will climb onto a peripheral surface of an impacting log."

step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof."

■ In both patents the specifications contain limiting language bearing on the nature of the knife edge.[3] Construing the claims in question as so limited by the specifications invalidity under Gen. Electric Co. v. Wabash Co., *supra*, is avoided.

As an alternative to its ruling on anticipation the District Court held that the claims were obvious in the light of prior art. Since our ruling results in a restating of the claims and provides a new focus for consideration of the issues of obviousness and, if need be, of infringement, a remand is necessary in order that those issues can be re-examined in this new context.

The judgment of the District Court is vacated and the matter is remanded for limited new trial.

3. In Andersson we find the following:
"The face of the tool body that is directed toward the oncoming log is provided with saw-tooth ridges or projections 66. These projections are at an angle relative to the axis of the piston rod and they operate to lift the tool when a log being debarked is followed by a log of larger diameter. The tool will ride up onto the second log since these ridges will engage the face of the butt end of such second log and initiate a screw action when the tool is rotated around the log."
And, further:
"The tool body illustrated in Figures 4, 7 and 9 is provided with a lifting edge 120A which extends between the points 118 and 120. This edge is relatively sharp and projects outwardly from the surface of the face 110D as shown in Figures 8 and 9 and as illustrated by the dotted lines between points 138 and 136 in Figure 4."
Likewise in Leffler the specifications provide " * * * said edge should be sharp and may be shaped as a knife according to Figure 6 or, more preferably, as an inclining knive 15' according to Figure 7. The outward extent of the log-impactible knife-edge is determined by the diameter of the thickest log and the knife-edge should extend a short distance along a bow-shaped or curved portion 17 of the scraping member, as shown in Fig. 4. When said log-impactible edge at the curved portion 17 of the scraping member penetrates the peripheral corner of the butt end of the log, the angular speed of the outwardly-swinging scraping member will be increasing owing to the shown radius of said bow-shaped or curved portion 17 and the scraping edge 16 of the scraping member will be thrown onto the surface of the log. If a log-contacting edge 18 of the curved portion 17 of the scraping member slides into contact with the log, the scraping member is not swung outwardly in the same manner nor for the same reasons as when the portion 14 is impacted by the log. In order that axial movement of the log will not be arrested by its contact with said log-contacting edge 18, the latter is sloped forwardly from the knife-edge 15 or toward the trailing edge of the scrapers, so that the angle it makes with a line parallel to the axis of rotation of the drum is less than that of the log-impactible edge 15, which as already mentioned is less than 90°. Hereby an advantageous wedge angle is obtained and the bowed portion 17 is wedged up, so that the scaping edge 16 will move onto the surface of the log, the log-contacting edge 18 and the log sliding relatively to each other; for which reason said edge 18 should be rounded in cross section as shown in Figure 8 or be formed with a clearing angle as shown in a modified log-contacting edge 18' in Fig. 9."